UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICARDO SANTIAGO,

                               Plaintiff,

                                                                       Case # 19-CV-528-FPG

v.

                                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

**INTRODUCTION**

On July 22, 2016, Plaintiff Ricardo Santiago protectively applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, alleging disability beginning on March 1, 2016. Tr.[1] 64. The Social Security Administration ("SSA") denied his claim. Tr. 65-73. On July 6, 2018, Plaintiff testified at a video hearing held before Administrative Law Judge Rosanne M. Dummer ("the ALJ"). Tr. 42-63. On July 18, 2018, the ALJ issued an unfavorable decision. Tr. 24-38. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff then appealed to this Court.[2]

The parties move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 4.

[2] The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

1

## LEGAL STANDARD

To determine whether a claimant is disabled within the meaning of the Social Security Act—and therefore whether he is entitled to benefits—an ALJ follows a five-step sequential evaluation. 20 C.F.R. § 404.1520(a)(4). The ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him to perform the requirements of his past relevant work ("PRW"); and (5) whether the claimant's RFC permits him to perform alternative substantial gainful work which exists in the national economy in light of his age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520(a)(4).

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation and citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. *See* 42 U.S.C. § 1383(c)(3) (citing 42 U.S.C. § 405(g)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation and citations omitted).

## DISCUSSION

### I.  The ALJ's Decision

Plaintiff applied for DIB alleging "lower back pain, swelling in both knees and feet, and chronic fatigue." Tr. 30. After determining Plaintiff had not engaged in substantial gainful activity, the ALJ found that Plaintiff's obesity and lumbar degenerative disc disease were severe impairments. Tr. 29. None of Plaintiff's impairments met the Listings criteria. Tr. 29-30.

The ALJ found Plaintiff capable of light work, limiting him to "lift/carry 20 pounds occasionally and 10 pounds frequently; sit six of eight hours and stand/walk six of eight hours. He could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant should not climb ladders/scaffolds." Tr. 30-31. In arriving at this RFC, the ALJ gave "some weight" to consultative examiner John Schwab, DO's opinion that "claimant had mild to moderate restrictions to bend, lift, and carry heavy objects. He had mild restriction to raise his right arm over should[er] height and lifting weights." Tr. 35. The ALJ also gave "some weight" to Elizabeth Stom, MSPT's opinion that Plaintiff could occasionally push and pull, occasionally stand and walk, frequently sit, and could not work arms overhead. Tr. 36, 277.

Finally, the ALJ gave "some weight" to state agency examiner Ann L. Williams, MD's opinion that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk for 6 of 8 hours and sit for about 6 hours. Tr. 36, 281. Dr. Williams also found that Plaintiff was not limited in pushing or pulling, and could frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, occasionally crouch and crawl, and frequently balance, stoop, and kneel. Tr. 281-82. Dr. Williams opined that Plaintiff had no established limitations in reaching in all directions, including overhead. Tr. 283.

Vocational expert Stephanie R. Archer (the "VE") testified that a claimant with a nearly identical[3] RFC would be capable of performing Plaintiff's PRW as a computer aided design operator ("AutoCAD operator"). Tr. 58-59. After considering these medical opinions and the additional evidence of record, the VE's testimony, and Plaintiff's testimony, the ALJ found Plaintiff capable of performing his PRW as an AutoCAD operator. Tr. 33, 34, 36, 37. Accordingly, the ALJ determined Plaintiff was not disabled. Tr. 37.

Plaintiff argues that (1) the record does not support the ALJ's finding that Plaintiff can stand/walk for six to eight hours; (2) the ALJ erred by giving "some weight" to Dr. Williams's opinion because it was not based on the whole record; (3) the ALJ erred by failing to include any finding as to Plaintiff's ability to reach with his upper right dominant extremity; and (4) the record does not support the finding that Plaintiff is capable of his PRW. ECF No. 8-1 at 13, 16, 18. The Court disagrees.

## II.     ALJ's Finding on Plaintiff's Ability to Stand and Walk Was Not Erroneous

The ALJ found that Plaintiff could "stand/walk six of eight hours." Tr. 30. Plaintiff contends that his "reduced lumbar spine [range of motion ("ROM")], and edema, weakness, decreased pulses, and decreased sensation in the bilateral lower extremities," as documented in the record, means he cannot stand or walk for six hours. ECF No. 8-1 at 14. In further support of his argument, Plaintiff also points to his testimony, which directly contradicted consultative examiner Dr. Schwab's opinion and his documented complaints of knee pain, his right knee giving out, and his use of a cane while shopping. *Id.* In Plaintiff's view, the ALJ's finding constitutes harmful error because the VE testified that the AutoCAD operator position requires "at least" six hours of

---

[3] The only differences between the RFC the ALJ adopted and the RFC in the hypothetical posed to the VE are that, in the hypothetical, the claimant was limited to frequently climbing ramps and stairs, frequently balancing, stooping, and kneeling, and occasionally climbing, crouching, and crawling. The ALJ adopted a more restrictive RFC in these functional areas.

4

standing and walking, and if Plaintiff were to use a cane for two to three hours of the work day, he would not be able to perform his PRW. *Id.*

As an initial matter, the ALJ considered all of the record evidence, including Plaintiff's testimony with respect to his knee pain and cane use, and that "[w]hen working as an AutoCAD operator, he stood six of eight hours." Tr. 31, 34. The ALJ also explicitly considered Plaintiff's testimony that he "may walk a block and a half to the store, but rests fifteen minutes before returning home." Tr. 31. The ALJ gave some weight to Dr. Schwab's opinion that Plaintiff could "walk on heels and toes without difficulty. Squat full. . . . Used no assistive devices. Needed no help changing for exam or getting on and off exam table. Able to rise from chair without difficulty." Tr. 36, 289.

Plaintiff testified to the exact opposite, stating that at the consultative examination, his wife needed to help him get on the exam table, he could not fully squat, could not walk on his heels, and did have an assistive device with him. Tr. 54-55. To the extent Plaintiff's testimony directly contradicts Dr. Schwab's observations and opinion, Tr. 36, 54, "while an ALJ 'is required to take the claimant's reports of pain and other limitations into account, 20 C.F.R. § 416.929,' he or she is 'not require[d] to accept the claimant's subjective complaints without question.'" *Campbell v. Astrue*, 465 F. App'x 4, 7 (2d Cir. 2012) (quoting *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010)). It is within the ALJ's purview to make credibility findings and weigh the evidence accordingly. *See Claymore v. Astrue*, 519 F. App'x 36, 38 (2d Cir. 2013) (summary order) ("Generally, it is the function of the ALJ, not the reviewing court, to appraise the credibility of witnesses." (citing *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)); *Coger v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 427, 436 (W.D.N.Y. 2018) (where plaintiff's testimony at hearing regarding her daily activities of living conflicted with report of daily activities at

consultative examination, "[i]t was well within the ALJ's discretion to credit these prior reports by Plaintiff as to opposed to the more restrictive mode of living she reported at the hearing").

Moreover, that the ALJ did not credit the references in the record to Plaintiff's other medical complications purporting to show an inability to stand or walk for six hours—such as muscle weakness and reduced ROM—over medical source opinions stating otherwise is not harmful error because to do so would have required the ALJ to issue an improper lay opinion. While an ALJ may choose between properly submitted medical opinions, she may not substitute her own lay opinion for those of medical experts. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). And, many of the treatment notes identifying these symptoms show largely normal findings or are from non-acceptable medical sources who are not entitled to controlling weight. Tr. 297, 304, 308, 318, 323, 400.

### III.   ALJ Did Not Err by Assigning "Some Weight" to Dr. Williams's Opinion

Plaintiff next contends that it was error to give "some weight" to state agency examiner Ann L. Williams, MD's opinion. ECF No. 8-1 at 15. According to Plaintiff, because Dr. William's opinion was not based on the entire record and was only based on a review of Dr. Schwab's opinion, it cannot constitute substantial evidence. *Id.*

In her medical opinion, dated November 6, 2017, Dr. Williams noted that there was no medical source statement in the file for her to review. Tr. 286. She explicitly cited Dr. Schwab's examination findings in making her assessment. Tr. 287. "No case or regulation . . . imposes an unqualified rule that a medical opinion is superseded by additional material in the record" and, in this case, "the additional evidence does not raise doubts as to the reliability of [the consultative examiner's] opinion." *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016) (state agency examiner's opinion was not stale for not having been based on later-submitted opinions or records).

6

Here, there is no medical source opinion post-dating Dr. Williams's assessment, and the later treatment records do not call into question Dr. Williams's opinion. *See McNaughton v. Saul*, No. 1:18-CV-01510 CJS, 2020 WL 1514727, at *11 (W.D.N.Y. Mar. 30, 2020) (stating "[r]eversal may be particularly appropriate where the Commissioner relied heavily on the stale [consultative examiner] opinion in formulating the claimant's RFC, and no other medical opinion supports the RFC" but finding remand not warranted because, as here, "there was no significant change in plaintiff's physical condition" after the consultative opinions were issued). Moreover, the ALJ gave Dr. Williams's opinion only "some weight" and considered it in combination with the other record evidence in reaching her conclusion. Accordingly, the ALJ's weighing of Dr. Williams's opinion was not erroneous.

## IV. ALJ Did Not Err by Excluding a Reaching Limitation from RFC or by Finding Plaintiff Capable of His Past Relevant Work

Plaintiff testified to being right hand-dominant, having some right shoulder pain "on and off," and issues reaching overhead with his right arm. Tr. 48, 52. Plaintiff did not feel he could repetitively reach with his right arm. Tr. 53. The ALJ expressly considered this testimony. Tr. 30-31. Plaintiff argues that the omission of any reaching limitation in the RFC is harmful error because the AutoCAD operator position requires frequent reaching overhead. ECF No. 8-1 at 17.

As an initial matter, substantial evidence supports the ALJ's omission of any reaching limitation. Dr. Williams, whose opinion the ALJ gave "some weight," concluded that Plaintiff has no established limitations in reaching in any directions, including overhead. Tr. 283. Dr. Schwab opined that Plaintiff had a "mild restriction to raising his right arm over shoulder height." Tr. 291. MSPT Stom, who is a non-acceptable medical source, but whose opinion the ALJ gave "some weight," opined that Plaintiff could not work his arms overhead. Tr. 277. As already discussed, it is the province of the ALJ to weigh evidence and make credibility determinations accordingly.

7

Because the omission of a reaching limitation is supported by substantial evidence, including the state agency and consultative examiner's opinions, the RFC is not erroneous on the ground Plaintiff alleges.

Moreover, the ALJ reasonably concluded that Plaintiff could perform his PRW as an AutoCAD operator based on the VE's testimony. The VE testified that a claimant with a nearly identical RFC to Plaintiff's could perform that work. Tr. 58. Accordingly, the ALJ's step-four determination was not erroneous.

Finally, the Court rejects Plaintiff's argument that the AutoCAD position requires more than six hours of standing and walking. The VE expressly testified that the job involves "[s]ix hours *at least*, standing and walking." Tr. 58, 61 (emphasis added). "At least" six hours is not equivalent to "more than" six hours. Plaintiff's argument is without merit.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion, ECF No. 8, is DENIED and the Commissioner's motion, ECF No. 10, is GRANTED. The complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July ___, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court